Lord *v.* Wilkinson.

The judgment is affirmed.

[FOURTH DEPARTMENT, GENERAL TERM, Rochester, April 1, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]

---

## LORD *vs.* WILKINSON and others.

When the place of trial is in a county in the Third Judicial Department, and on the trial exceptions are ordered to be heard at a General Term, in the first instance, a General Term held in the Fourth Department has no authority to hear and determine the case, unless it shall have been ordered there by the General Term of the Third Department, under section 10 of the Laws of 1870, ch. 408.

In such a case a motion for a new trial cannot be made at a General Term in the Fourth Department on the ground that such General Term is held in a county adjoining the place of trial.

MOTION for a new trial, on exceptions, ordered to be heard at the General Term.

*By the Court,* TALCOTT, J. This is a motion for a new trial, on exceptions sent to the General Term, in the first instance. The place of trial in the action is the county of Cortland, and at a circuit held there the exceptions presented to us were taken.

The county of Cortland is in the Third Department. If the counsel in this case have supposed themselves authorized to make the motion for a new trial at a General Term of the Fourth Department because that term was held in a county adjoining the county of Cortland, under section 401 of the Code, they must have overlooked the provisions of section 10 of the act of 1870 establishing the Judicial Departments.

That section provides that all matters proper to be brought before a General Term shall be heard and determined in the Department in which the matter brought up arose, unless two of the General Term justices in such Department shall be incapable of sitting on the appeal or acting in the matter, "in which case the appeal or other matter shall be ordered to be heard in some other Department, and in that case such appeal or other matter shall be heard in the Department to which the same shall have been ordered as aforesaid." (*Laws of* 1870, *ch.* 408.) It is manifest, therefore, that the General Term of this Department has no authority to hear and determine the case unless it shall have been ordered here by the General Term of the Third Department. No such order is contained, or referred to, in the case; nor do the points on either side contain any intimation that any such order has been made.

We must therefore decline to hear the case.

Ordered accordingly.

[Fourth Department, General Term, at Rochester, April 1, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]